**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

RODERICK CHRISTOPHER
ADC #113485                                                                                    PLAINTIFF

V.                              CASE NO. 5:10CV00141 JMM/BD

ARKANSAS DEPARTMENT OF CORRECTION, *et al.*                    DEFENDANTS

**RECOMMENDED DISPOSITION**

**I.     Procedures for Filing Objections:**

The following Recommended Disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. A copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

Mail your objections and/or request for a hearing to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**II. Introduction:**

On the evening of December 25, 2009, defendant Barry Cole, a former correctional officer with the Arkansas Department of Correction ("ADC"), and David Tucker, a Sergeant with the ADC, conducted shower call in the Isolation #1 section of the Varner Supermax Unit. (Docket entry #54-1 at p.1) After their showers Plaintiff Roderick Christopher and another inmate, Antonio Walker, were being escorted from their individual shower stalls back to their cells by Officer Cole and Sergeant Tucker. (#54-1 at p.1, #14 at p.1) Mr. Walker was not handcuffed because of an injury to his wrist. (#54-1 at pp.4, 7, #14 at p.1) While walking back to their cells, and without provocation, Mr. Walker lunged and struck Mr. Christopher. (#54-1 at p.1, #14 at p.2) Sergeant Tucker immediately took control of Mr. Walker and placed him in his cell. (#54-1 at p.2, #14 at p.2) Officer Cole wrapped his arms around Mr. Christopher and took him to the ground. (#54-1 at p.2, #14 at p.2) After they stood up, Officer Cole placed Mr. Christopher in his cell. (#54-1 at p.2, #14 at p.2)

Officer Cole and Sergeant Tucker notified the infirmary of the incident. (#54-1 at p.2, #14 at p.) In response, Gene Carol Ables, LPN, visited Mr. Christopher. (#54-1 at p.2, 16, #54-2 at p.1) Nurse Ables's report from that visit reflects that she saw no visible injuries, and Mr. Christopher stated he was fine. (#54-1 at p.16, #54-2 at pp.2-3) Mr. Christopher's medical record does not reflect any other complaints of injury resulting from the incident. (#54-1 at p.2, #54-2 at pp.2-3)

Officer Cole and Sergeant Tucker were not aware of any animosity or ill will between Mr. Christopher and Mr. Walker prior to this incident. (#54-1 at p.3) After the incident, Mr. Walker and Mr. Christopher were placed on each other's enemy alert list. (#54-1 at pp.3, 18) Mr. Walker was found guilty of a major disciplinary infraction as a result of the incident. (#54-1 at pp.1, 11)

On May 10, 2010, Mr. Christopher filed his original Complaint in this action under 42 U.S.C. § 1983. (#1) The Complaint was deficient, so he was ordered to file an Amended Complaint. (#2) In compliance with the Court's order, Mr. Christopher filed an Amended Complaint on June 7, 2010, raising two claims. (#14) First, he claims Sergeant Tucker and Officer Cole failed to protect him from the attack by Mr. Walker in violation of the Eighth Amendment. Second, Mr. Christopher claims Officer Cole used excessive force by forcing him to the floor after he was assaulted by Mr. Walker. (#14)

### III. Discussion:

    A.    Standard

Federal Rule of Civil Procedure 56(a) provides that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law." In responding to a motion for summary judgment, a plaintiff "may not rest upon the mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial," and "must present affirmative evidence in order to defeat a properly supported motion for

summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 257, 106 S.Ct. 2505 (1986); see also FED. R. CIV. P. 56(c)(1).

    B.    Sovereign Immunity

Officer Cole and Sergeant Tucker claim that, because Mr. Christopher did not specify whether he was suing them in their official or individual capacities, the claims should be construed as official capacity claims that are barred by the doctrine of sovereign immunity. (#55 at p.4) It is true that Mr. Christopher did not specify in his amended complaint whether he was suing Defendants in their individual or official capacities, and in situations such as this, the Eighth Circuit has interpreted the claims as official-capacity claims. See *Murphy v. Arkansas*, 127 F.3d 750, 754-55 (8th Cir. 1997). However, a pro se complaint must be liberally construed, see *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976), and "pro se litigants are held to a lesser pleading standard than other parties." *Federal Express Corp. v. Holowecki*, 552 U.S. 389, 402, 128 S.Ct. 1147 (2008). Examination of the body of the complaint shows that Mr. Christopher intended to sue Officer Cole and Sergeant Tucker in both their official and individual capacities.

Officer Cole and Sergeant Tucker correctly argue, however, that Mr. Christopher's official-capacity claims for money damages are barred by sovereign immunity. A person sued in his or her official capacity is not a "person" for purposes of 42 U.S.C. § 1983. The law is settled that a civil litigant cannot recover money damages on a claim brought

against state actors in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989). Accordingly, Mr. Christopher's claims against Officer Cole and Sergeant Tucker for money damages in their official capacities fail, as a matter of law.

    C.    Standing

As with any claim filed in federal court, a prisoner seeking relief under § 1983 must satisfy basic constitutional standing requirements. *Johnson v. State of Missouri*, 142 F.3d 1087, 1088 (8th Cir. 1998); *Smith v. Arkansas Dept. of Corr.*, 103 F.3d 637, 643 (8th Cir. 1996). "To establish standing, a party must, at a minimum, have suffered an 'injury-in-fact,' fairly traceable to the defendant's conduct, which is likely to be redressed by a favorable decision." *Johnson*, 142 F.3d at 1088; *Brouhard v. Lee*, 125 F.3d 656, 661 (8th Cir. 1997).

In his Amended Complaint, Mr. Christopher alleges that, as a result of Officer Cole's and Sergeant Tucker's failure to protect him from Mr. Walker's attack, he suffered cuts to his wrist and cuts on the right side of his chest. (#14 at p.2) Further, Mr. Christopher attaches a sworn statement to his response to the motion for summary judgment claiming that he suffered a "busted top lip, cuts on my chest and also cuts around my wrists were [sic] the handcuffs cut into them while I was being slammed into the ground." Mr. Christopher's sworn statements alleging injury-in-fact as a result of the incident are sufficient to meet the constitutional standing requirements.

D.  Qualified Immunity

"Qualified immunity protects public officials from damage actions if their conduct did not violate clearly established rights of which a reasonable person would have known." *Morris v. Lanpher*, 563 F.3d 399, 402 (8th Cir. 2009), cert. denied --- U.S. ----, 130 S.Ct. 472 (2009), citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727 (1982). Officer Cole and Sergeant Tucker bear the burden of establishing the relevant facts supporting qualified immunity, while Mr. Christopher receives the benefit of all reasonable inferences. See *Wallingford v. Olson*, 592 F.3d 888, 892 (8th Cir. 2010).

Prison officials have a duty to protect inmates from violence at the hands of other inmates. *Farmer v. Brennan*, 511 U.S. 825, 833-34, 114 S.Ct. 1970 (1994). Claims under the Eighth Amendment include both an objective and a subjective element. The objective element requires a showing that the prisoner was "incarcerated under conditions posing a substantial risk of serious harm." *Id*. at 834. The subjective component requires a showing that prison officials were "deliberately indifferent" to the risk of harm. *Id*. "An official is deliberately indifferent if he or she actually knows of a substantial risk and fails to respond reasonably." *Whitson v. Stone County Jail*, 602 F.3d 920, 923 (8th Cir. 2010) (citing *Farmer*, 511 U.S. at 837). "[D]eliberate indifference entails something more than mere negligence, [but] the cases are . . . clear that it is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that

harm will result." *Ambrose v. Young*, 474 F.3d 1070, 1076 (8th Cir. 2007) (quoting *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)).

Mr. Christopher claims that Officer Cole and Sergeant Tucker did not follow the ADC's escorting procedures by not handcuffing Mr. Walker, and that their failure to handcuff him posed a substantial risk of harm. (#63 at p.1) A claim of failure to follow ADC policy or procedure, standing alone, falls short of stating a constitutional claim. See *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (no § 1983 liability for violation of prison policy). Further, in this case, the Administrative Regulations of the State of Arkansas Board of Corrections, Section Number 403, 4.4, provides "[h]andcuffs and/or security belts *may* be employed to restrain any offender in segregation when said offender is moved within he [sic] unit/center." (emphasis added) So, to the extent Mr. Christopher argues that the failure to follow the regulation shows a risk of harm, this claim also fails.

The applicable regulation did not require that inmate Walker be handcuffed when being moved within the unit but rather gave officers discretion. In this situation, where Mr. Walker had an injury to his wrist, it was not unreasonable for Officer Cole and Sergeant Tucker not to handcuff Mr. Walker.

Further, Mr. Christopher has not presented any evidence that Officer Cole and Sergeant Tucker were aware of problems between him and Mr. Walker that would put them on notice that Mr. Walker might harm Mr. Christopher if not restrained. The Eighth Circuit Court of Appeals has granted qualified immunity to prison officials in situations,

such as this one, where an Eighth Amendment failure-to-protect claim arises from a surprise attack from another inmate. See e.g. *Schoelch v. Mitchell*, 625 F.3d 1041, 1047-48 (8th Cir. 2010); *Tucker v. Evans,* 276 F.3d 999, 1001-02 (8th Cir. 2002); *Curry v. Crist*, 226 F.3d 974, 978-79 (8th Cir. 2000); *Jackson v. Everett*, 140 F.3d 1149, 1151 (8th Cir. 1998); *Prosser v. Ross*, 70 F.3d 1005, 1007 (8th Cir. 1995); *Smith v. Marcantonio*, 910 F.2d 500, 502 (8th Cir. 1990).

In this case, Officer Cole and Sergeant Tucker did not act with deliberate indifference toward Mr. Christopher. To the contrary, Officer Cole and Sergeant Tucker acted appropriately to separate the two inmates and diffuse an unforeseeable situation. Further, they immediately called a supervisor to investigate the incident, called the infirmary to tend to the inmates involved, and placed Mr. Christopher and Mr. Walker on each other's enemy alert list to prevent a future incident. Accordingly, Officer Cole and Sergeant Tucker are entitled to qualified immunity on Mr. Christopher's failure to protect claim.[1]

E.   Excessive Force Claim

In his amended complaint, Mr. Christopher claims that, after he was assaulted by Mr. Walker and while he was still in restraints, Officer Cole grabbed him and "slammed"

---

[1] Mr. Christopher claims Defendants' failure to protect him led to another incident on December 28, 2009, where Plaintiff took a knife to shower call to protect himself against inmate Walker. This later incident is not, however, relevant to the claims raised by Plaintiff in his amended complaint and will not be considered as part of this lawsuit.

him to the floor where he stayed until Mr. Walker was inside his cell.[2]  (#14 at p.2)  The Court construed this as an excessive force claim against Officer Cole.

"It is . . . clearly established that force may be justified to make an inmate comply with a lawful prison regulation or order, but only if the inmate's noncompliance also poses a threat to other persons or to prison security." *Treats v.. Morgan*, 308 F.3d 868, 875 (8th Cir. 2002) (citing *Lawrence v. Bowersox*, 297 F.3d 727, 732 (8th Cir. 2002)); *Jones v. Shields*, 207 F.3d 491, 496-497 (8th Cir. 2000); *Hickey v. Reeder*, 12 F.3d 754, 759 (8th Cir. 1993); *Stenzel v. Ellis*, 916 F.2d 423, 426-427 (8th Cir. 1990)).  Officers do not violate the Eighth Amendment when they use force reasonably "in a good-faith effort to maintain or restore discipline." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  Factors to consider in deciding whether a particular use of force was reasonable include whether there was an objective need for force, the relationship between the need and the degree of force used, the threat reasonably perceived by the correctional officers, efforts by the officers to temper the severity of their forceful response, and the extent of the inmate's injury.  *Hudson*, 503 U.S. at 7.

In this case, Mr. Christopher was under attack from Mr. Walker and there was a need for Officer Cole to regain order and protect Mr. Christopher.  Under these

---

[2] The Court acknowledges that Defendant Tucker states in his affidavit that in restraining inmate Christopher, Defendant Cole "accidentally fell to the ground" causing Plaintiff to fall to the ground.  (#54-1 at p.2)  For purposes of this motion, however, the Court must view the facts in the light most favorable to the non-moving party.

circumstances, it was not unreasonable for Officer Cole to wrap his arms around Mr. Christopher and force him to the ground in order to gain control of the situation and prevent further assault from Mr. Walker. Mr. Chrisopher acknowledges that as soon as Mr. Walker was placed in his cell, Officer Cole and Sergeant Tucker escorted him to his cell, locked the door, removed the restraints, and notified their shift supervisors, who came to investigated the incident. (#14 at p. 2)

Mr. Christopher claims that as a result of the incident he had cuts to his wrists and the right side of his chest. Nurse Abel and Sergeant Tucker, however, both stated in their affidavits that they did not see any "visible injuries" to Mr. Christopher and that he stated "he was fine." (#54-1 at p.2, #54-2 at pp. 2-3) The contemporaneous medical record created by nurse Abel corroborates their statements. (#54-2 at p.3) Accordingly, any injury suffered by Mr. Christopher was, at the most, minimal.

After considering the evidence and evaluating the minimal force used by Officer Cole given the threat of further injury to Mr. Christopher, along with the minimal proof of any injury to Mr. Christopher; the Court concludes that, under the circumstances, Defendant Cole did not use excessive force and his motion for summary judgment should be granted.

## IV.    Conclusion:

The Court recommends that the District Court DISMISS Plaintiff's claims against David Tucker and Barry Cole with prejudice.

DATED this 15th day of March, 2010.

_____
UNITED STATES MAGISTRATE JUDGE